UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LINDA WILLIAMS**, as mother
and personal representative of the
estate of her son,
**TAVARIS DeEARL CALDWELL**, Deceased,

Plaintiff,

v.                                         Case No.: 8:04-cv-2616-T27MSS

**JEFFREY SANCHEZ and JAMES DAUSCH**,
Police Officers of the City of Tampa,
in their individual capacities,

Defendants.
_____/

## ORDER

**This comes** before the Court for consideration of Defendants' Motion to Compel Discovery and Initial Disclosures (Dkt. 21) and Plaintiff's response thereto (Dkt. 22). Defendants are seeking 1) written answers and documents responsive to their First Request for Production of Documents and First Set of Interrogatories, both of which were served on August 31, 2005, and 2) Plaintiff's Initial Disclosures, which were due by September 26, 2005. Specifically, Defendants seek answers and documents responsive to the following question posed as part of their First Set of Interrogatories:

    a.    To the extent that Plaintiff denied any portion of the Defendants' first or second set of Requests for Admissions to Plaintiff, please identify all facts

1

        and documents which support the Plaintiff's denial of the Defendants' Request for Admission; and,

b.    Please state the name, address and telephone number of each person expected by Plaintiff to testify as a witness during the trial in this matter, and state the substance of the testimony of each of the witnesses.

In Defendants' First Request for Production of Documents, Defendants seek "All documents identified in Plaintiff's answers to Defendants' First Set of Interrogatories; and . . . all documents which Plaintiff intends to utilize at trial" (Dkt. 21 at 2).

In response to Defendants' Motion to Compel, Plaintiff claims that

> [A]ll the alleged deficiencies have been cured. All documents in this case have been provided to both the defendants' current counsel, and previously to their predecessor counsel. Further, all witnesses listed by plaintiff, other than the plaintiff herself, are identified in the police reports that have been in both parties possession since before the filing of the initial complaint in this case.

(Dkt. 22 at 1).

Although Plaintiff claims generally that "all alleged deficiencies have been cured," no specific mention is made that written answers to Defendants' First Set of Interrogatories have been provided. In Order to ensure that all of the alleged deficiencies have in fact been cured, Defendants' Motion to Compel Discovery and Initial Disclosures is **GRANTED**.

Plaintiff shall provide written answers and documents responsive to Defendants' First Request for Production of Documents and First Set of Interrogatories within ten (10) days from the date of this Order. Also within ten (10) days from the date of this Order, Plaintiff serve her disclosures under oath, identifying all witnesses she believes are relevant to the matter and providing all other disclosures the Rule requires. Referring

Defendants to the document discovery is not adequate to meet the requirements of Rule 26.

**DONE and ORDERED** in Tampa, Florida on this 5th day of January 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record